1 **CARSON P. BAUCHER**
California State Bar No. 298884
2 **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 San Diego, California 92101-5030
Telephone: (619) 234-8467
4 Facsimile: (619) 687-2666
Carson_Baucher@fd.org

Attorneys for Ms. Leon-Gonzalez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 23-cr-2308-LL |
|---|---|
| Plaintiff, | Hon. Linda Lopez<br>Date: December 4, 2023<br>Time: 2:00 p.m. |
| v. | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MS. LEON-GONZALEZ'S MOTIONS TO:** |
| XITA XIOMARA LEON-GONZALEZ, | |
| Defendant. | **(1) COMPEL DISCOVERY;** |
| | **(2) PRESERVE EVIDENCE;** |
| | **(3) ALLOW INSPECTION OF EVIDENCE; AND** |
| | **(4) GRANT LEAVE TO FILE FURTHER MOTIONS** |

## NOTICE OF MOTIONS AND LOCAL RULE 16.1 STATUS

The defendant, Xita Xiomara Leon-Gonzalez, by and through counsel, Carson P. Baucher and Federal Defenders of San Diego, Inc., hereby moves this court to Compel Discovery, Preserve Evidence, and for Leave to File Further Motions and submits the following Points and Authorities in support of her motions. Pursuant to Local Rule 16.1 counsel has previously requested discovery from the assigned Assistant United States Attorney Syeda Sarah Akhtar. Ms. Akhtar has been providing

discovery on a rolling basis pursuant to her obligations and counsel's request. To date, partial discovery has been received. It is unknown if there will be any disputes until full discovery has been produced.

## POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS

### I. Relevant Facts

According to government-produced discovery, on October 12, 2023, Ms. Leon-Gonzalez applied for entry through the San Ysidro Port of Entry, driving a 2010 Nissan Sentra minivan. Immigration officials allegedly located a material witness, Alberto Sanchez-Herrada, within the minivan's factory-built rear cargo storage compartment. Ms. Leon-Gonzalez is charged in an information with one count of bringing in aliens without authorization in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). Ms. Leon-Gonzalez denies the charges and has entered a plea of not-guilty.

To date, the government has produced 130 pages of written discovery, along with video recordings of Ms. Leon-Gonzalez's and Mr. Sanchez-Herrada's post-arrest statements.

### II. Motion to Compel Discovery/Preserve Evidence

Ms. Leon-Gonzalez moves for preservation and production of all discovery to which he is entitled under the United States Constitution, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and other applicable law as detailed below. This request includes all information that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *See United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989). Ms. Leon-Gonzalez moves for the production of the following evidence:

1. <u>Ms. Leon-Gonzalez's Statements.</u>

The Government must disclose to Ms. Leon-Gonzalez all copies of any written or recorded statements made by Ms. Leon-Gonzalez; the substance of any statements made by Ms. Leon-Gonzalez that the Government intends to offer in evidence at trial; any response by Ms. Leon-Gonzalez to interrogation; the substance of any oral

2
**23-cr-2308-LL**
MOTIONS TO COMPEL DISCOVERY, PRESERVE EVIDENCE, AND FOR LEAVE TO FILE FURTHER MOTIONS

statements which the Government intends to introduce at trial and any written summaries of Ms. Leon-Gonzalez's oral statements contained in the handwritten notes of any Government agent; any response to *Miranda* warnings that were or may have been given to Ms. Leon-Gonzalez; as well as any other statements by Ms. Leon-Gonzalez. *See* Fed. R. Crim. P. 16(1)(A). The Advisory Committee Notes and the 1991 Amendments to Rule 16 make clear that the Government has the obligation to reveal all Ms. Leon-Gonzalez's statements, whether oral or written, regardless of whether the government intends to make any use of these statements. Additionally, the government must "disclose any written record which contains reference to a relevant oral statement by [Ms. Leon-Gonzalez] which was in response to interrogation, without regard to whether the prosecution intends to use the statements at trial." *See* Fed. R. Crim. P. 16 Advisory Committee Notes (1991 Amendment).

2. *Brady* Material.

Ms. Leon-Gonzalez requests all documents, statements, agent reports, and tangible evidence favorable to him on the issue of guilt and/or which affects the credibility of the government's case. Under *Brady*, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *Brady v. Maryland*, 373 U.S. 83 (1963); *see also United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976). Further, *Brady* requires that the government disclose any information that may result in a lower sentence under the Guidelines because it is exculpatory and/or mitigating evidence. This includes any information obtained in other investigations, other interrogations, or other interviews that exculpates Ms. Leon-Gonzalez.

3. Arrest Reports, Notes, Dispatch Tapes, and Audio/Video Recordings.

Ms. Leon-Gonzalez specifically requests all arrest reports, notes, dispatch and any other audio/video recordings that relate to the circumstances surrounding Ms. Leon-Gonzalez's arrest or any questioning, be turned over. This request includes, but

is not limited to, any rough notes, records, referral slips, reports, in-field communication between officers, transcripts or other documents in which statements of Ms. Leon-Gonzalez or any other discoverable material is contained. This information is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady*.

### 4. Proposed 404(b) Evidence.

The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (internal citations omitted).

### 5. Evidence Seized and Tangible Objects.

Ms. Leon-Gonzalez requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(E). Ms. Leon-Gonzalez wishes to inspect the evidence before trial. Ms. Leon-Gonzalez further seeks, under Fed. R. Crim. P. 16(a)(1)(C), to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to Ms. Leon-Gonzalez. *See* Fed. R. Crim. P. 16(a)(1)(E). Specifically, Ms. Leon-Gonzalez requests copies of all recordings of his alleged prior deportations or removals.

### 6. Expert Witnesses.

Ms. Leon-Gonzalez requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness

4  **23-cr-2308-LL**

during its case in chief. *See* Fed. R. Crim. P. 16(a)(1)(G). This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that (s)he understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with Ms. Leon-Gonzalez or any other witness.

### 7. Government Witnesses

Ms. Leon-Gonzalez requests the name and last known address of each prospective government witness. Ms. Leon-Gonzalez also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who the government will not called as a witness. This request includes any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct, any evidence that a government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to Ms. Leon-Gonzalez. *See* Fed. R. Evid. 608, 609, 613; *Brady*, 373 U.S. at 83. This request further includes any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic. Additionally, Ms. Leon-Gonzalez requests any evidence that any prospective government witness is biased or prejudiced against Ms. Leon-Gonzalez, or has a motive to falsify or distort her testimony. This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that (s)he understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with Ms. Leon-Gonzalez or any other witness.

Ms. Leon-Gonzalez specifically requests all citizen complaints and other related internal affairs documents involving any of the Border Patrol agents or other law enforcement officers who were involved in the investigation, arrests and interrogations

in this case, pursuant to *Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source. Ms. Leon-Gonzalez further requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. He requests that these files be reviewed by the Government attorney for evidence of perjury or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

### 8. Jencks Act Material.

Ms. Leon-Gonzalez requests all material to which he is entitled pursuant to the Jencks Act 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2, including dispatch tapes, in advance of the motion hearing or trial. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963); *see also United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks material when an agent reviews notes with the subject of the interview); *see also United States v. Riley*, 189 F.3d 802, 806-808 (9th Cir. 1999). Advance production will avoid the possibility of delay of the motion hearing or trial to allow Ms. Leon-Gonzalez to investigate the Jencks material.

### 9. *Giglio* Information.

Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Ms. Leon-Gonzalez requests all statements and/or promises, express or implied, made to any witness, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment. Ms. Leon-Gonzalez also requests discovery regarding any other express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement, promise, or understanding, including any implicit understanding relating to criminal or civil income

tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes discussion with a potential witness about, or advice concerning, any contemplated prosecution or any possible plea bargain, even if no bargain was made, or advice not followed, and specifically includes discussion with a potential witness regarding immigration status and/or any effect that the witness's statements or lack thereof might have on that status, including the granting or revoking of such immigration status or any other immigration status, including but not limited to citizenship, nationality, a green card, border crossing card, parole letter, or permission to remain in the United States.

### 10. Scientific and Other Information.

Ms. Leon-Gonzalez requests the results of any scientific or other tests or examinations conducted by any government agency or their subcontractors in connection with this case. *See* Fed. R. Crim. P. 16(a)(1)(F).

### 11. Residual Request.

Ms. Leon-Gonzalez intends to invoke her rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure, the Constitution, and laws of the United States. Ms. Leon-Gonzalez requests that the government provide him with the above requested material sufficiently in advance of the motions hearing and trial to avoid unnecessary delay prior to cross-examination. This time is necessary for defense counsel to effectively investigate this case and assist Ms. Leon-Gonzalez in preparing the defense.

## III. Motion to Preserve Evidence.

Ms. Leon-Gonzalez requests the government preserve all physical evidence that may be destroyed, lost or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, Ms. Leon-Gonzalez's personal effects, video surveillance, and any evidence seized from Ms. Leon-Gonzalez.

7     **23-cr-2308-LL**
MOTIONS TO COMPEL DISCOVERY, PRESERVE EVIDENCE, AND FOR LEAVE TO FILE FURTHER MOTIONS

## IV. Leave to File Further Motions

Ms. Leon-Gonzalez and defense counsel have received minimal discovery in this case; there is still outstanding discovery that has not been produced, such as documents from the material witness's A-file. As such, as new information surfaces—via discovery provided by government, defense investigation, or an order of this Court—the defense may need to file further motions, or to supplement existing motions. For this reason, defense counsel requests leave to file further motions.

## V. Conclusion

For the foregoing reasons, Ms. Leon-Gonzalez respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: November 28, 2023
*s/ Carson P. Baucher*
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Leon-Gonzalez
Email: Carson_Baucher@fd.org